IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY DEE GRAHAM, II, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 09-3106 |
| | : | |
| v. | : | |
| | : | |
| PA STATE POLICE LANCASTER COUNTY and TROOPER ARIEL TORRES, | : | |
| | : | |
| Defendants. | : | |

Jones II, J.                                                                                                November 3, 2009

## MEMORANDUM

**I.     Introduction**

Presently before the Court is Defendants' Motion to Dismiss (Docket No. 8) and Plaintiff's response thereto. The Motion will be granted.

**II.    Legal Standard**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in Bell Atl. Corp. v. Twombly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads

1

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556). This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. In Ashcroft v. Iqbal, the Supreme Court clarified that this standard applies to all civil cases. Iqbal, 129 S.Ct. at 1949.

## III. Facts

On July 16, 2009, *pro se* Plaintiff Terry Dee Graham II[1] filed the instant Complaint, which is comprised of two sentences. First, Plaintiff brings a claim of "[e]xcessive force upon arrest," to wit he alleges that "[o]n 12/16/2008 Tpc Ariel Torres from Lancaster Pennsylvania State Police Troop J fired (2) two shots at Plaintiff during an arrest." See Complaint at 6. Second, alleges that he was "[a]rrested and unlawfully detained at Lancaster State Police barracks [sic] on 12/16/2008 and was not allowed any phone calls during his 12+ hours at police station." Id.

## IV. Discussion

### A. Pennsylvania State Police

Plaintiff's Complaint does not invoke any law that was allegedly violated by Defendant Pennsylvania State Police. Assuming, *arguendo*, that Plaintiff wished to assert violation of a Constitutional right via 42 U.S. § 1983, Plaintiff's claim is nonetheless barred.

As an initial matter, Plaintiff's claim is not viable because the Pennsylvania State Police is not a "person" for purposes of Section 1983. See Odenwalt v. Gillis, 327 F. Supp. 2d 502, 506 (M.D. Pa. 2004) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)).

---

[1] Plaintiff currently resides in the Lancaster County prison. See Complaint at 3.

Even if that were not the case, Plaintiff's claim is barred by the Eleventh Amendment. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has recognized that the significance of this Amendment "lies in its affirmation that the fundamental principle of sovereign immunity limits the grant of judicial authority in Art. III of the Constitution." Atascadero State Hospital v. Scanlon, 473 U.S. 234, 238 (1985); see also Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 98 (1984). While the Eleventh Amendment does not, on its face, bar suits against a state by its own citizens, it has always been so interpreted. See Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); Atascadero, 473 U.S. at 238 (same). The Eleventh Amendment's bar extends to departments or agencies of the state having no existence apart from the state. Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981); Altieri v. Pennsylvania State Police, No. Civ.A.98-CV-5495, 2000 WL 427272, *5 (E.D. Pa. April 20, 2000). A state can only be sued in federal court if the suit utilizes an express exception to Eleventh Amendment immunity – namely, if the state consents to suit against it or if Congress validly abrogates the state's immunity. Id. (citing Wheeling & Lake Erie Railway Co. v. Public Utility Comm. Of the Commonwealth of Pa., 141 F.3d 88, 91 (3d Cir. 1998)).

The Pennsylvania State Police is a department or agency of the state having no existence apart from the state. Altieri, 2000 WL 424272 at *5; Smith v. Luciani, No. Civ. A. 97-3613, 1998 WL 151803, at *4 (E.D. Pa. March 31, 1998). As an arm of the state, the State Police are entitled to any Eleventh Amendment immunity to which the Commonwealth would be entitled in

this case. Altieri, 2000 WL 424272 at *5 (citing Regents of the University of California v. Doe, 519 U.S. 425, 430 n. 5 (1997)). Pennsylvania has, by statute, specifically withheld consent to be sued in federal court. See 42 Pa. C.S.A. § 8521(b). Moreover, Section 1983 does not abrogate a state's immunity under the Eleventh Amendment. Quern v. Jordan, 440 U.S. 332, 345 (1979).

Accordingly, Plaintiff's claim against Defendant Pennsylvania State Police will be dismissed.

### B. Trooper Ariel Torres

Plaintiff does not specify whether he is suing Trooper Torres in his official and/or individual capacity.

#### 1. Official Capacity

In a suit against a government official in his official capacity, "the real party in interest ... is the governmental entity and not the named official...." Hafer v. Melo, 502 U.S. 21, 25 (1991). Therefore, the Court's analysis as to the Pennsylvania State Police also applies to the claims against Trooper Torres in his official capacity.

Accordingly, Plaintiff's claim, if any, against Trooper Torres in his official capacity will be dismissed.

#### 2. Individual Capacity

The Eleventh Amendment does not protect state officers from suit as individuals. See Hafer, 502 U.S. at 31. For a Section 1983 claim to lie against an individual defendant, the plaintiff must "allege [ ] personal involvement of th[at] defendant[ ]; it is well-established that there is no respondeat superior liability in § 1983 actions." Coleman v. Beard, 131 Fed. Appx. 10, 11 (3d Cir. May 13, 2005); see also Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.

4

1998) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs...[P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.") (citations omitted).

To the extent Plaintiff is bringing a Section 1983 claim against Trooper Torres in his individual capacity based on the allegation of excessive force at the time of arrest (*i.e.*, the two shots), that claim may only arise out of the Fourth Amendment to the U.S. Constitution.[2] Graham v. Connor, 490 U.S. 386, 394-95 (1989). To state a claim of excessive force under the Fourth Amendment, a plaintiff must establish "that a 'seizure' occurred and that [such seizure] was unreasonable." Abraham v. Raso, 183 F.3d 279, 288 (3d Cir.1999) (citing Brower v. County of Inyo, 489 U.S. 593, 599 (1989)).

Plaintiff alleges that Trooper Torres shot at him. He does not allege that Trooper Torres hit him with a shot. "From the time of the founding to the present, the word 'seizure' has meant a taking possession. For most purposes at common law, the word connoted not merely grasping, or applying physical force to, the animate or inanimate object in question, but actually bringing it within physical control." California v. Hodari D., 499 U.S. 621, 624 (1991) (internal quotation marks & citations omitted). Thus, a seizure occurs only when there is a physical touching or a submission to a show of authority. See id. at 625-26. Although a seizure by physical force can occur when a police officer actually shoots a suspect, see, e.g., Tennessee v. Garner, 471 U.S. 1,

---

[2] As to the claim regarding deprivation of telephone call for 12 hours – Plaintiff does not allege Trooper Torres – or any other individual, for that matter – to have been personally involved in that conduct. That claim does not meet any pleading requirement and will be dismissed.

7 (1985), firing a shot that misses a suspect does not constitute a seizure by physical force.  See Plaza-Bonilla v. Cortazzo, Civ. A. No. 07-2045, 2009 WL 605909, *4 (E.D. Pa., March 9, 2009); Manelski v. Tinicum Twp., Civ. A. No. 07-1487, 2008 WL5250691, at *2 (E.D.Pa. Dec. 17, 2008); (citing Estate of Rodgers ex rel. Rodgers v. Smith, 188 Fed. Appx. 175, 180-81 (4th Cir. 2006), cert denied, 549 U.S. 1207 (2007) (no seizure because bullets never touched individual)).

As Plaintiff merely alleges that Trooper Torres shot at him and missed, Plaintiff has not alleged a seizure.  Accordingly, Plaintiff's claim against Trooper Ariel Torres in his individual capacity will be dismissed.

**V.     Conclusion**

Plaintiff has failed to state a claim against either the Pennsylvania State Police or Trooper Torres.  The Motion to Dismiss will be granted.  The Court finds that an opportunity to amend the Complaint would be futile, and so the Court will dismiss the entire Complaint with prejudice.  An appropriate Order follows.